# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| JOHN J. BLOOM, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 09-260-CV-W-RED-SSA<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

Plaintiff John Bloom (hereinafter "Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and denial of his request for supplemental security income benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court **AFFIRMS** the decision of the Administrative Law Judge (hereinafter "ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of defendant's brief without quotation or citation.

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4)

whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

Plaintiff presents three arguments for review: (1) whether the ALJ properly evaluated Plaintiff's credibility, (2) whether the ALJ erred in failing to consider the effect of Plaintiff's other disability benefits, and (3) whether the ALJ erred in finding Plaintiff could perform other work.

### I. The ALJ Properly Evaluated Plaintiff's Credibility

Plaintiff's first argument is that the ALJ erred in evaluating his credibility with regard to his complaints of disabling pain and depression. The ALJ found that while Plaintiff's impairments could reasonably be expected to produce his alleged symptoms, his statements concerning the intensity, persistence and limiting effects of the impairments were not entirely credible. The ALJ's conclusion is supported by substantial evidence of record.

Plaintiff's complaints of disability focused on pain in his back, knee, right arm and hip, and his depression. However, the objective medical evidence often contradicted Plaintiff's complaints.

3

For example, left knee x-rays were within normal limits in August 2005, and showed only mild degenerative change in November 2005. In January 2008, left knee x-rays revealed medial joint space narrowing which amounted to only a slight change since the November 2005 x-rays. Right hip x-rays from August 2005 also revealed only mild degenerative joint disease. Lumbar spine x-rays taken in November 2005 showed some degenerative changes, but no compression deformity, and the alignment was satisfactory. X-rays of Plaintiff's right elbow taken in 2002 showed minimal degenerative change, and doctors recommended he continue taking anti-inflammatories. In 2008, Plaintiff had functional range of motion in his shoulders, elbows, wrists, ankles, hips, and cervical spine, and mildly decreased range of motion in his left knee. During that evaluation, Plaintiff exhibited no muscle atrophy or spasm, and had a normal gait. Regarding Plaintiff's depression, the medical records repeatedly show his condition was considered mild and in partial remission. On various occasions, Plaintiff described his mood as "alright," "not too bad," and "pretty good," and on one visit reported expecting his mood to improve after the holidays. Plaintiff also reported at his hearing that his depression would only occasionally interfere with his ability to work. Based upon these inconsistencies in the record, the Court finds the ALJ properly assessed Plaintiff's credibility and afforded proper weight to Plaintiff's subjective complaints of pain. *Wilson v. Chater*, 76 F.3d 238, 241 (8th Cir. 1996) ("An ALJ may not disregard a claimant's subjective complaints of pain solely because they are not fully supported by objective medical evidence, but may properly discount the subjective complaints if inconsistencies exist in the record as a whole").

**II.     The ALJ Did Not Err in His Consideration of Plaintiff's Other Disability Benefits**

Plaintiff's second argument is that the ALJ failed to properly consider the effect of his other disability benefits on his eligibility for social security benefits. Plaintiff notes that he receives from

the Department of Veterans Affairs a non-service connected pension due to chronic obstructive pulmonary disease (rated at 30%), gastroesophageal reflux disease (rated at 10%), hypetension (rated at 10%), arthritis of the left knee (rated at 10%), arthritis of the right hip (rated at 10%), arthritis of the lumbar spine (rated 10%), hearing loss (rated at 0%), tinnitus (rated at 10%), epicondylitis of the right arm (rated at 10%), and major depression (rated at 30%). The ALJ recognized in his opinion that Plaintiff "had income from the Veterans Administration," but does not discuss the benefits in detail. However, while the ALJ did not extensively discuss Plaintiff's benefits from the Veterans Administration, that does not mean he did not consider it in his final analysis. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("[A]n ALJ is not required to discuss every piece of evidence submitted," and "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered"). It must also be noted that a disability determination by the Veterans Administration is not binding on the ALJ. *Jenkins v. Chater*, 76 F.3d 231, 233 (8th Cir. 1996). Finally, many of the benefits Plaintiff receives from Veterans Affairs are for medical issues that were not presented as part of Plaintiff's application for Social Security benefits. The issues that Plaintiff did raise in his application for Social Security benefits, including pain in his knee, hip, and arm, as well as his depression, all received low disability ratings from the Department of Veterans Affairs, and the ALJ properly considered and weighed the medical evidence and Plaintiff's subjective complaints regarding these issues.

The Court finds no error with the ALJ's consideration of Plaintiff's other disability benefits.

### III. The ALJ Did Not Err in Finding Plaintiff Could Perform Other Work

Finally, Plaintiff argues the ALJ erred in determining that Plaintiff maintained the residual functional capacity to perform the full range of sedentary work. Specifically, Plaintiff argues he

testified that he is unable to perform fine manipulation and work on intricate machinery due to the pain in his right arm, and further argues the vocational expert testified at the hearing that if an individual were limited to only occasionally being able to perform fine manipulation activities such as reaching and handling, that individual would be unable to perform the one sedentary position the vocational expert found Plaintiff to have transferrable skills to (a layout technician) because that position requires frequent reaching and handling. In this instance, the ALJ consulted the Medical-Vocational Guidelines, and found Plaintiff not disabled by direct application of Medical-Vocational Rule 201.07, section 201.00(f). Where the ALJ properly discredits a plaintiff's complaint of a nonexertional impairment, as he did in this case with Plaintiff's complaints of pain, the ALJ is not required to consult with a vocational expert and may properly rely on the vocational guidelines. *Reynolds v. Chater*, 82 F.3d 254, 258-59 (8th Cir. 1996). The Court finds no error with the ALJ's findings and conclusions.

## **CONCLUSION**

For the reasons cited herein, the decision of the Administrative Law Judge is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

DATE:   July 6, 2010            */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT